[Cite as *State v. Boyce*, 2021-Ohio-712.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                        :

      Plaintiff-Appellee,                    :

                                    No. 19AP-313

v.                                                   :      (C.P.C. No. 17CR-2027)

Ramon A. Boyce,                                      :      (REGULAR CALENDAR)

      Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on March 11, 2021

---

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Daniel J. Stanley*, for appellee.

**On brief:** *Campbell Law*, *LLC*, and *April F. Campbell*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Ramon A. Boyce, appeals from a judgment of the Franklin County Court of Common pleas, convicting him of burglary in violation of R.C. 2911.12. Appellant challenges his conviction on speedy trial grounds. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In this appeal, appellant claims that the trial court erred when it denied his October 15, 2018, pro se motion to dismiss the indictment due to a violation of his right to a speedy trial and convicted appellant of burglary. Appellant's conviction arises from a string of burglaries in the Beechwood area in Franklin County, Ohio. Appellant became a suspect in the investigation when an officer with the Columbus Police Department ("CPD")

learned that appellant was a suspect in a similar string of burglaries in Clark County, Ohio, and that Clark County police had placed a GPS tracker on appellant's vehicle. On April 3, 2017, appellant was arrested by CPD after he was seen leaving a residence on Royal Street in Columbus, Ohio while in possession of stolen property.

{¶ 3} On April 12, 2017, a Franklin County Grand Jury indicted appellant on a single count of burglary. At that time, appellant was also facing more serious charges in Clark County. Following a number of lengthy delays, including several continuances necessitated by the charges in Clark County and other reasons, appellant was eventually brought to trial on April 22, 2019. Appellant elected to represent himself at the jury trial.

{¶ 4} On April 25, 2019, the jury returned a guilty verdict on the burglary charge. The trial court issued a judgment entry on April 29, 2019 convicting appellant of burglary in violation of R.C. 2911.12, a felony of the second degree, and sentencing appellant to a prison term of 6 years. The trial court ordered appellant to serve his 6-year prison term consecutive to the 70-year prison term imposed upon appellant in Clark County.

{¶ 5} Appellant timely appealed to this court from the April 29, 2019 judgment of conviction.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant assigns the following as trial court error:

> The trial court should have discharged Boyce from prosecution, because the State violated his right to a speedy trial.

## III. STANDARD OF REVIEW

{¶ 7} An appellate court's review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Williams*, 10th Dist. No. 13AP-992, 2014-Ohio-2737, ¶ 9, citing *State v. Watson*, 10th Dist. No. 13AP-148, 2013-Ohio-5603, ¶ 12, citing *State v. Fultz*, 4th Dist. No. 06CA2923, 2007-Ohio-3619, ¶ 8. An appellate court must give due deference to a trial court's findings of fact if supported by competent, credible evidence, but we must independently review whether the trial court properly applied the law to the facts of the case. *Williams* at ¶ 9, citing *Watson* at ¶ 12, citing *Fultz* at ¶ 8. Accordingly, we apply a de novo standard of review to the trial court's legal conclusions. *State v. Keaton*, 10th Dist.

No. 16AP-716, 2017-Ohio-7036, ¶ 6, citing *State v. Jackson*, 1st Dist. No. C-150657, 2016-Ohio-5196, ¶ 8.

## IV. LEGAL ANALYSIS

### A. Assignment of Error

{¶ 8} In appellant's sole assignment of error, appellant alleges that the trial court violated his constitutional right to a speedy trial and should have discharged him. We disagree.

{¶ 9} "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." Sixth Amendment to the U.S. Constitution. The Ohio Constitution separately guarantees the right to a speedy trial in Article I, Section 10. *Williams* at ¶ 10, citing *Barker v. Wingo*, 407 U.S. 514, 515 (1972).

{¶ 10} Pursuant to R.C. 2945.71(C)(2), the state must bring a defendant arrested on felony charges to trial within 270 days of his arrest. *State v. Jones*, 10th Dist. No. 11AP-1123, 2012-Ohio-3767, ¶ 17, quoting *State v. Carmon*, 10th Dist. No. 11AP-818 (Aug. 21, 2012). If the defendant is held in jail in lieu of bail on the pending charge, each day counts as three days. R.C. 2945.71(E); *Carmon*. If an accused is not brought to trial within the speedy trial time limits, the court, upon motion, must discharge the defendant. R.C. 2945.73(B).[1]

{¶ 11} A defendant establishes a prima facie case for dismissal based on a speedy trial violation, pursuant to R.C. 2945.71(C)(2), when the defendant demonstrates that more than 270 days elapsed before trial. " 'Once a defendant establishes a prima facie case for dismissal, the state bears the burden to prove that time was sufficiently tolled and the speedy trial period extended.' " *Jones* at ¶ 17, quoting *Carmon*, citing *State v. Miller*, 10th Dist. No. 06AP-36, 2006-Ohio-4988, ¶ 9; *State v. Butcher*, 27 Ohio St.3d 28, 31 (1986).

{¶ 12} There is no dispute that more than 270 days passed between the date of appellant's arrest on April 3, 2017 and the commencement of the jury trial on April 22,

---

[1] Appellant's argument rests solely on his statutory right to a speedy trial. He makes no argument that his constitutional speedy trial right has been violated under the factors articulated in *Barker v. Wingo,* 407 U.S. 514 (1972). Therefore, we limit our analysis accordingly. *State v. Brownlee*, 9th Dist. No. 27255, 2015-Ohio-2616, ¶ 10, citing *State v. Stokes*, 193 Ohio App.3d 49, 2011-Ohio-2104, ¶ 9 (12th Dist.).

2019. Thus, appellant has established a prima facie case for dismissal based upon a speedy trial violation.

{¶ 13} Appellee contends, however, that appellant's pro se motion to dismiss on speedy trial grounds was a nullity because appellant was represented by legal counsel when he filed the motion on October 15, 2018. As a general rule, "a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel," but "these two rights are independent of each other and may not be asserted simultaneously." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, paragraph one of the syllabus. Consistent with this general rule, Ohio courts of appeal have held that a trial court may disregard pro se motions filed when the defendant is represented by counsel. *State v. Walters*, 9th Dist. No. 23795, 2008-Ohio-1466, ¶ 19, citing *State v. Brown*, 9th Dist. No. 23759, 2007-Ohio-7028, ¶ 4, fn. 1. *See also State v. Thomas*, 8th Dist. No. 103759, 2016-Ohio-4961, ¶ 24.

{¶ 14} Here, the trial court heard oral argument on the motion at two separate hearings and issued a preliminary ruling on the record. Appellant's trial counsel participated in the argument. Appellant's pro se motion to dismiss was also joined with his motion to represent himself, which was later granted. Under the circumstances, we find that appellant's pro se motion was not treated as a nullity by the trial court and appellant's speedy trial argument has been preserved for appeal.

{¶ 15} Appellee next contends that a number of tolling events occurred that reduced the number of days to less than 270. Appellant counters that even if we were to consider the legally permissible tolling events, he was brought to trial 304 days after his arrest.

{¶ 16} The record discloses the following sequence of events. CPD arrested appellant on April 3, 2017 and confined him in the Franklin County jail. The Franklin County Grand Jury indicted appellant on April 12, 2017. During that same period of time, appellant was also serving ten days in jail for an unrelated misdemeanor charge pending in the Franklin County municipal court. The municipal court sentenced appellant to time served on April 13, 2017. Appellant was ultimately released on bond in this case on April 17, 2017, after serving the additional four days exclusively on the instant charge.

{¶ 17} Appellant subsequently served appellee with a request for discovery on April 20, 2017. Appellee served a response on May 16, 2017. The trial court conducted a

pretrial conference 42 days later on June 28, 2017. A jury trial was scheduled to commence July 12, 2017, 14 days after the pretrial. Appellant failed to appear for the scheduled jury trial and the trial court issued a warrant for appellant's arrest. The warrant was personally served on appellant at the Clark County jail on July 28, 2017. The jury trial was then rescheduled for August 2, 2017, 5 days after service. Appellant remained in Clark County jail on the Clark County charges during that 5-day period

{¶ 18} The trial court subsequently granted appellant's motion to continue the trial date from August 2 to October 17, 2017. The trial court then granted the parties' joint motion to continue the jury trial to December 12, 2017. A warrant to convey was served on appellant on December 12, 2017 at the Clark County jail, but appellant was not conveyed to Franklin County for the December 12, 2017 trial date.

{¶ 19} The trial court issued a capias and notice of the bond forfeiture on December 13, 2017. On December 21, 2017, appellant's surety filed a motion to set aside the order. Attached to the surety's motion was a copy of appellant's arrest information in Clark County evidencing the fact that appellant had been taken into custody by Clark County authorities on July 7, 2017 and confined in the Clark County jail.

{¶ 20} On May 24, 2018, the trial court issued an entry rescheduling a jury trial for July 18, 2018. The trial court, on July 10, 2018, issued a warrant to convey appellant from the Clark County jail for trial on July 18, 2018. The warrant was returned served on July 17, 2018. On July 19, 2018, the trial court continued the jury trial to August 27, 2018, and appellant's trial counsel executed a waiver of speedy trial rights.

{¶ 21} On August 29, 2018, the trial court rescheduled the jury trial for October 3, 2018, so that appellant's counsel could file a motion to suppress evidence against appellant. A speedy trial waiver was executed by appellant's trial counsel at that time. On October 2, 2018, the trial court rescheduled the jury trial for December 10, 2018. A speedy trial waiver was executed by appellant's trial counsel at that time.

{¶ 22} Appellant's trial counsel then filed a motion to suppress evidence on October 12, 2018. Appellant filed his pro se motion to dismiss the indictment on speedy trial grounds on October 15, 2018. Appellant's motion also sought removal of his trial counsel and to proceed, pro se. On October 23, 2018, the trial court conducted an oral hearing on the pending motions, including appellant's pro se motion to dismiss on speedy

trial grounds. Regarding the speedy trial time, the trial court indicated that the rescheduled jury trial date of December 10, 2018 was well withing the 270-day speedy trial time. The trial court subsequently issued an entry scheduling a hearing on appellant's motion to suppress and reserving ruling on appellant's pro se motion to dismiss on speedy trial grounds.

{¶ 23} On February 15, 2019, a warrant was served on appellant at the Warren Correctional Institution ("WCI") in Lebanon, Ohio to convey appellant to the trial court for the February 22, 2019 evidentiary hearing on the pending motion to suppress. As a result of the hearing, the trial court denied the motion to suppress and continued the jury trial to February 26, 2019. On February 26, 2019, appellant rejected a plea offer made by the prosecutor and requested that he be permitted to act as his own counsel at the jury trial. The trial court continued the jury trial to April 22, 2019. Appellant's counsel signed a speedy trial waiver but appellant refused to sign.

{¶ 24} After hearing arguments regarding appellant's pro se motion to dismiss on speedy trial grounds, the trial court made the following ruling:

> I will make an independent calculation as to what the actual speedy trial time is, but I believe the April 22 trial date is well within his speedy trial rights. We'll confirm that on the trial date; but based on the information presented by the State, I think we're well within his speedy trial rights.

(Feb. 26, 2019 Tr. at 12.)

{¶ 25} Appellant was permitted to represent himself at the April 22, 2019 jury trial. On April 25, 2019, the jury returned a guilty verdict on the burglary charge. The record does not disclose a formal ruling by the trial court on appellant's motion to dismiss on speedy trial grounds. Nevertheless, when the trial court is silent with regard to a motion to dismiss on speedy trial grounds, an appellate court generally presumes the motion was overruled for purposes of appeal. *State v. Phillips*, 4th Dist. No. 17CA38, 2018-Ohio-1794, ¶ 10; *State ex rel. V. Cos. v. Marshall*, 81 Ohio St.3d 467, 469 (1998) (when a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it).

{¶ 26} Appellant maintains that 86 days of speedy trial time had elapsed when the trial court issued the capias on December 13, 2017. (Appellant's Brief at 21.) There is no dispute that a total of 218 days passed from the date the trial court issued a warrant for appellant's arrest on December 13, 2017 to the rescheduled jury trial on July 18, 2018. The

parties also agree that speedy trial time was either waived or tolled by other events from July 18, 2018 to the commencement of the jury trial on April 22, 2019. Thus, the primary dispute in this case is whether any or all of the 218 days between the date the trial court issued a warrant for appellant's arrest on December 12, 2017 and the date of the rescheduled jury trial on July 18, 2018 count against the 270-day speedy trial time under R.C. 2945.71(C)(2).

{¶ 27} Appellant argues that all of those days must be counted against the 270-day speedy trial time. According to appellant, because those 218 days must be added to the 86 days that had previously elapsed, a total of 305 speedy trial days passed from the date of appellants arrest on April 3, 2017 to the commencement of the jury trial on April 22, 2019. Appellant maintains that he was not brought to trial within 270 days of his arrest and he is entitled to dismissal.

{¶ 28} Appellee contends that under *State v. Bauer*, 61 Ohio St.2d 83 (1980), the 218 days of speedy trial time are attributable solely to appellant because he failed to appear for trial on December 12, 2017. In *Bauer*, defendant failed to appear for his trial which was scheduled for a date within the statutory time period set forth in R.C. 2945.71. The trial court issued a bench warrant for his arrest. After the defendant's apprehension and arrest, the trial court rescheduled the trial. The defendant filed a motion to discharge under the provisions of R.C. 2945.71, et seq., which the trial court denied. The Court of Appeals reversed the judgment of the trial court and defendant appealed to the Supreme Court of Ohio. In reversing the Court of Appeals, the Supreme Court held that "a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested." *Bauer* at 85. The *Bauer* court noted, "the proper focus of a court in circumstances such as these is upon the underlying source of the delay." *Id.* at 84.

{¶ 29} There is no question that the source of the initial delay in this instance was appellant's arrest and confinement in Clark County on other felony charges. *Bauer* is distinguishable, however, as the defendant in *Bauer* remained at large after failing to appear for trial and a period of delay was, therefore, attributed to the defendant for the time necessary to locate, re-arrest him, and schedule a new trial date. Here, appellee knew

appellant was in the Clark County jail because he was personally served with the warrant to convey while he was confined in Clark County. The record further reveals that from July 7, 2017 to May 16, 2018, appellant remained in the Clark County jail awaiting trial on a felony indictment. Thus, the rule of law in the *Bauer* case does not extend the speedy trial time under these facts.

{¶ 30} Appellee argues in the alternative that the 270-day period under R.C. 2945.71 was tolled because appellant was unavailable for trial by reason of other criminal proceedings brought against him in Clark County and his subsequent confinement by the Ohio Department of Rehabilitation and Corrections ("ODRC") at WCI. This being the case, and in consideration of the tolling events that occurred subsequent to July 18, 2018, appellee contends that appellant was brought to trial well within the 270-day period.

{¶ 31} " '[T]he time period in which to bring a defendant to trial may be extended for any of the reasons enumerated in R.C. 2945.72.' " *Jones*, 2012-Ohio-3767, at ¶ 17, quoting *Carmon*.

{¶ 32} R.C. 2945.72 provides in relevant part as follows:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
>
> (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability.

{¶ 33} The speedy trial period is tolled by R.C. 2945.72(A) for any time that the accused is unavailable for hearing or trial by reason of other criminal proceedings against him "provided that the prosecution exercises reasonable diligence to secure his availability." R.C. 2945.72(A). If the defendant is incarcerated in the county jail of another Ohio county, and the prosecution is aware of the defendant's whereabouts, the record must show that the prosecutor exercised reasonable diligence to have the defendant appear before the court. *State v. Gage*, 1st Dist. No. C-160824A, 2018-Ohio-480, ¶ 21, citing S*tate v. Gibson*, 8th Dist. No. 76148 (Nov. 9, 2000).

{¶ 34} Contrary to appellant's claim, the record shows that appellee did take steps to secure his appearance in Franklin County. The record discloses that a warrant to convey

was served on appellant on December 12, 2017 at the Clark County jail, but appellant failed to appear for his December 12, 2017 trial date. Appellee claimed in the trial court that Clark County authorities refused to convey appellant to Franklin County on December 12, 2017, pursuant to the warrant, because he was scheduled for trial on very serious charges in Clark County.[2] The record shows that on December 13, 2017, the trial court issued a "criminal case processing sheet" ordering the Clerk to "ISSUE CAPIAS FOR FTA FOR TRIAL AS A DETAINER TO THE CLARK COUNTY JAIL." (Emphasis sic.)

{¶ 35} There is no dispute that appellant was remanded to the custody of ODRC, on May 16, 2018, to begin serving his 70-year sentence on the Clark County conviction. Eight days later, on May 24, 2018, the trial court issued another criminal disposition sheet rescheduling the jury trial for July 18, 2018. Thereafter, on July 5, 2018, the prosecutor applied to the trial court for a warrant to convey appellant from the WCI to Franklin County for the July 18, 2018 jury trial. The trial court issued the warrant on July 9, 2018.

{¶ 36} Though appellant maintains that the state failed to exercise reasonable diligence to have him appear before the court in Franklin County, we find that the issuance of a capias and detainer on December 13, 2017 constitutes reasonable diligence to secure appellant's appearance for trial in Franklin County. *Gage* at ¶ 21; *Gibson*. *But see State v. Coatoam*, 45 Ohio App.2d 183 (11th Dist.1975) (Where the record is void with regard to the precise efforts made to have the defendant brought to the court from jail in another county, speedy trial time is not tolled.). Therefore, the 270-day speedy trial period under R.C. 2945.71(C)(2) was extended by the time appellant was held in the Clark County jail awaiting trial.

{¶ 37} Moreover, even if the 270-day speedy trial time under R.C. 2945.71(C)(2) was not extended by any of the time appellant was confined in the Clark County jail awaiting

---

[2] On the August 27, 2108 trial date, the trial court discussed the pending charges in Clark County:

> THE COURT: Well, I think part of the reason that we -- that the case has been continued so many times is that you had a pending case in Clark County which has been resolved, and based on information obtained from the ODRC website, it looks like that would have been resolved sometime in June. * * *
>
> * * *
>
> We were letting the Clark County case, being more serious, kind of take precedence. That's resolved.

(Aug. 27, 2108 Tr. at 4-5.)

trial, there is no dispute that on May 16, 2018, appellant was remanded to the custody of ODRC. R.C. 2941.401 provides in pertinent part:

> When a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance.

{¶ 38} R.C. 2941.401 further provides:

> If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

{¶ 39} When appellant began serving his prison term for the Clark County conviction, the speedy trial statute in R.C. 2941.401 applied because R.C. 2941.401 is the "specific" speedy trial statute applicable to defendants who are imprisoned in correctional institutions in the state of Ohio and face charges for crimes separate from those for which they are already imprisoned. *State v. Brown*, 10th Dist. No. 19AP-40, 2019-Ohio-4753, ¶ 15, citing *State v. Irish*, 3d Dist. No. 10-18-13, 2019-Ohio-2765, ¶ 23. While R.C. 2945.71 is applicable to defendants in general, the speedy trial limitation found in R.C. 2941.401 is applicable to defendants already incarcerated for an unrelated crime. *Cleveland v. Sheldon*, 8th Dist. No. 82319, 2003-Ohio-6331, ¶ 16; *State v. Clark*, 12th Dist. No. CA2007-03-037, 2008-Ohio-5208, ¶ 30. "When in conflict, the provisions of R.C. 2941.401 prevail over any R.C. 2945.71 provisions." *State v. Ingram*, 6th Dist. No. S-16-046, 2017-Ohio-5685, ¶ 23, citing *State v. Melampy*, 12th Dist. No. CA2007-04-008, 2008-Ohio-5838, ¶ 9, citing *Cleveland v. Adkins*, 156 Ohio App.3d 482, 2004-Ohio-1118, ¶ 6 (8th Dist.).

{¶ 40} R.C. 2945.71(F) cautions that "this section shall not be construed to modify in any way section 2941.401 * * * of the Revised Code." In construing R.C. 2945.71(F), "[t]he weight of authority * * * advises that once a defendant is admitted to prison, R.C. 2945.71,

et seq. ceases to apply and R.C. 2941.401 takes over." *State v. Charity*, 7th Dist. No. 12 MA 214, 2013-Ohio-5385, ¶ 24 (Aggravated murder indictment should not have been dismissed on speedy trial grounds because, once defendant entered prison, the general speedy trial statute ceased to apply and the speedy trial statute for persons serving a term of imprisonment controlled.), citing *State v. Stewart*, 2d Dist. No. 21462, 2006-Ohio-4164, ¶ 21 ("When a defendant is incarcerated in this state on other charges, R.C. 2941.401, a specific statute, prevails over the general speedy trial statutes of R.C. 2945.71 et seq., and governs the time within which the state must bring him or her to trial."), citing *State v. Munns*, 5th Dist. No. 2005-CA-0065, 2006-Ohio-1852, ¶ 16; *State v. Mavroudis*, 7th Dist. No. 02 CO 44, 2003-Ohio-3289, ¶ 27; *State v. Cox*, 4th Dist. No. 01CA10, 2002-Ohio-2382, ¶ 17; *State v. Pesci*, 11th Dist. No. 2001-L-026, 2002-Ohio-7131, ¶ 41-43; *State v. Ward*, 12th Dist. No. CA99-12-114 (Sept. 25, 2000); *State v. Fox*, 8th Dist. No. 63100 (Oct. 22, 1992). "When a defendant is serving time in state prison, the speedy trial time for pending charges is tolled and R.C. 2941.401's provisions prevail over conflicting provisions of R.C. 2945.71." *Charity* at ¶ 24, citing *Adkins* at ¶ 6. *See also Irish*, 2019-Ohio-2765, at ¶ 12, *appeal not accepted*, 157 Ohio St.3d 1484, 2019-Ohio-4600 (Overruling precedent holding that absent a proper request by an imprisoned person to be tried within 180 days under R.C. 2941.401, the 270-day speedy trial time under R.C. 2945.71 continues to run); *State v. Vazquez*, 11th Dist. No. 2006-A-0073, 2007-Ohio-2433, ¶ 33. Because appellant's status changed on May 16, 2018 when he "entered upon a term of imprisonment in a correctional institution," the 180-day speedy trial time in R.C. 2941.401 applied. *Id.* at ¶ 20. *Compare State v. Beverly*, 4th Dist. No. 04CA2809, 2005-Ohio-4954, ¶ 8 (When appellant was released from prison and removed to the county jail, R.C. 2941.401 no longer applied and the 270-day period under R.C. 2947.71(C)(2) began to run.).

{¶ 41} R.C. 2941.401 places the initial burden on the accused to notify the prosecutor and the court of his place of incarceration and to request final disposition of outstanding charges. *Brown*, 2019-Ohio-4753, at ¶ 25, citing *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 20. " 'In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term.' " *Id.* at ¶ 25, quoting *Hairston* at ¶ 25. "R.C. 2941.401 is

mandatory and the trial court must strictly comply with its provisions." *Irish* at ¶ 13, citing *State v. Smith*, 140 Ohio App.3d 81, 86 (3d Dist.2000). The 180-day period set forth in R.C. 2941.401 within which a criminal defendant imprisoned on another charge must be tried does not commence until the defendant files notice of his request for disposition of the untried indictment. *State v. Logan,* 71 Ohio App.3d 292, 296 (10th Dist.), citing *State v. Turner*, 4 Ohio App.3d 305 (9th Dist.1982).

{¶ 42} Under the prevailing rule of law, even if we were to agree that appellee failed to exercise reasonable diligence to secure appellant's conveyance for trial from Clark County jail to Franklin County, based on appellant's own calculation of speedy trial time, just 242 of the 270-day period under R.C. 2945.71(C)(2) elapsed prior to the time Clark County remanded appellant to the custody of ODRC. When appellant's status changed on May 16, 2018, to a person who has entered upon a term of imprisonment in a correctional institution of this state, the more specific provisions of R.C. 2941.401 applied to the calculation of speedy trial time rather than the general provisions of R.C. 2745.71 through 2745.73. There is no argument by appellant nor is there any indication in the record that appellant complied with the mandatory notice provisions of R.C. 2941.401. Thus, the speedy trial time under R.C. 2941.401 never commence to run. *Brown* at ¶ 25; *Hairston* at ¶ 26.[3]

{¶ 43} Because fewer than 270 days elapsed on appellant's speedy trial clock under R.C. 2945.71 prior to his imprisonment at WCI, and because appellee failed to invoke the 180-day speedy trial period in R.C. 2941.401 by serving the required notice, his speedy trial time did not expire. *Charity* at ¶ 48. Even if we were to conclude appellant was not required, under the circumstances, to deliver the required written notice, only 63 of the 180-day speedy trial days under R.C. 2941.401 elapsed between the date of appellant's

---

[3] Though the prosecutor did not mention R.C. 2941.401 in opposing appellant's motion to dismiss, the prosecutor did make the following argument:

> He was received at ODRC, after being convicted in Clark County, on May 16 of 2018. We then scheduled him for trial here on July 18 of 2018. A period of 63 days passed between his being received at ODRC and him being present here for trial on July 18 of 2018. So if you add -- if we calculated this in a light most favorable to the defendant, he would be at 173 days at that point on July 18 of 2018. Obviously, the State would argue that his clock started over and that we would only be at the 63 days.

(Feb. 26, 2019 Tr. at 10.)

imprisonment and the rescheduled jury trial. There is no dispute that speedy trial time was either waived or tolled by other events from July 19, 2018 to the date of the jury trial on April 22, 2019.

{¶ 44} For the foregoing reasons, we hold that appellant's speedy trial rights were not violated because appellant was brought to trial well within the 180-day period set forth in R.C. 2941.401. Appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 45} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BEATTY BLUNT, JJ., concur.

_____