[Cite as *State v. Williams*, 2023-Ohio-1002.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 18AP-891<br>(C.P.C. No. 17CR-6553) |
| Joseph L. Williams, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 28, 2023

**On brief:** [*Janet A. Grubb*, First Assistant Prosecuting Attorney], and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *Kerry M. Donahue*, for appellant. **Argued:** *Kerry M. Donahue*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Joseph L. Williams, was convicted of two counts of murder with repeat violent offender specifications. This court affirmed the convictions on direct appeal. *State v. Williams*, 10th Dist. No. 18AP-891, 2021-Ohio-3491 ("*Williams I*"). On September 1, 2022, this court granted Williams's application for reopening of his appeal for the limited purpose of allowing review of Williams's claims that his right to a speedy trial had been violated and that his trial counsel provided ineffective assistance by failing to preserve the alleged speedy-trial violation for appellate review. *State v. Williams*, 10th Dist. No. 18AP-891 (Sept. 1, 2022) (memorandum decision). The matter is now before us on reopening. For the following reasons, we confirm our prior judgment affirming the convictions.

**I. Facts and Procedural History**

{¶ 2}  The evidence and testimony presented at trial in this case are described in our prior decision. *Williams I* at ¶ 2-21.  In brief, Williams was involved in an altercation with William Taylor on November 26, 2017.  Taylor died the following day due to blunt impact or blunt force injuries to the head.  Ultimately, a jury found Williams guilty of two counts of murder for causing Taylor's death, and the trial court found Williams guilty of the repeat violent offender specification associated with each count.  The trial court merged the murder convictions and sentenced Williams to 15 years to life in prison on the murder conviction, to be served consecutively to 3 years in prison on the repeat violent offender specification.

{¶ 3}  Because Williams asserts a violation of his right to a speedy trial in this reopened appeal, we focus on the procedural history of the case from arrest to trial.

{¶ 4}  Williams was arrested on November 26, 2017.  Initially, he was charged with murder in the Franklin County Municipal Court; that municipal court case was dismissed at the request of the prosecutor after Williams was indicted on two counts of murder with repeat violent offender specifications in Franklin C.P. No. 17CR-6553 on December 6, 2017.  The trial court set bond in case No. 17CR-6553 at $800,000 surety and $10,000 recognizance. Williams did not post bond in case No. 17CR-6553 and remained incarcerated until trial began.  The trial court appointed counsel to represent Williams, and on December 13, 2017 Williams's trial counsel moved for discovery from plaintiff-appellee, State of Ohio.  The state provided its initial discovery response on January 3, 2018.

{¶ 5}  On January 5, 2018, Williams was indicted on one count of possession of cocaine in Franklin C.P. No. 18CR-53.  That indictment alleged that on or about February 9, 2017 Williams was in possession of less than five grams of cocaine or a substance containing cocaine.  Bond was set in case No. 18CR-53 at $5,000 surety and $1,000 recognizance. Williams did not post bond in case No. 18CR-53.  Williams eventually pled guilty to the charge in case No. 18CR-53, and the trial court sentenced him to 11 months in prison, to be served concurrently with his sentence in case No. 17CR-6553.

{¶ 6}  The trial court entered multiple continuances in case No. 17CR-6553, ultimately setting the trial date for September 10, 2018.  At a hearing on August 13, 2018, Williams's trial counsel moved to dismiss case No. 17CR-6553, asserting that Williams's

speedy-trial rights would be violated if trial commenced on September 10, 2018. In response, the prosecutor argued that speedy-trial time had been tolled while the state responded to Williams's motion for discovery and had been waived pursuant to two of the continuances. Williams's trial counsel argued speedy-trial time was not waived pursuant to the continuances. Although the prosecutor asserted there was no speedy-trial violation, she suggested moving the trial date to August 20 or August 27, 2018. Williams's trial counsel requested trial begin on August 20, 2018.

{¶ 7} On August 23, 2018, the trial court issued an order denying Williams's motion to dismiss. The court concluded Williams waived his speedy-trial rights with respect to one continuance and that another continuance tolled speedy-trial time because the state had a reasonable basis to request the continuance. Although the court found that beginning trial on September 10, 2018 would not violate Williams's right to a speedy trial, it scheduled trial to begin August 27, 2018.

{¶ 8} On August 28, 2018, the trial court entered a final continuance at the request of Williams's trial counsel, setting trial for September 10, 2018. Williams did not sign that continuance entry, instead indicating that he objected to the continuance and demanded a speedy trial. Trial commenced on September 10, 2018 and lasted until September 17, 2018.

## II. Assignments of Error

{¶ 9} In his reopened appeal, Williams assigns two errors for our review:[1]

> I. APPELLANT'S STATUTORY SPEEDY TRIAL RIGHTS AND HIS CONSTITUTIONAL SPEEDY TRIAL RIGHTS WERE VIOLATED IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
>
> II. APPELLANT'S COUNSEL ON APPEAL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT RAISING THE SPEEDY TRIAL VIOLATION.

---

[1] This court's decision granting Williams's motion to reopen his appeal permitted him to assert a violation of his right to a speedy trial and that his *trial* counsel was ineffective for failing to preserve the speedy-trial issue. Williams appears to have waived the latter issue because he asserted in his brief on appeal that "[i]t appears trial counsel properly and timely made the motion [to dismiss for a speedy-trial violation] in the lower Court." (Appellant's Brief following reopening at 12.)

**III. Analysis**

{¶ 10} Once an appeal has been reopened, the appellant "must establish the merits of both the direct appeal and the claim for ineffective assistance of [appellate] counsel." *State v. Long*, 10th Dist. No. 20AP-90, 2022-Ohio-1601, ¶ 26. *See also State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, ¶ 37 ("Under App.R. 26(B), the determination whether appellate counsel was deficient and prejudiced the applicant is to be made after the appeal has been reopened and the parties are afforded the opportunity to have counsel, transmit the necessary record, and substantively brief the issues."). Williams's first assignment of error addresses the merits of his claim that the trial court violated his right to a speedy trial, while his second assignment of error asserts his prior appellate counsel was ineffective for failing to assert that issue.

**A. Whether Williams's right to a speedy trial was violated**

{¶ 11} The right to a speedy trial in criminal prosecutions is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *State v. Smith*, 10th Dist. No. 19AP-170, 2021-Ohio-1936, ¶ 38. There is also a statutory right to a speedy trial under Ohio law, pursuant to statutes implemented to incorporate the constitutional protections. *State v. Sellers*, 10th Dist. No. 08AP-810, 2009-Ohio-2231, ¶ 9.

{¶ 12} Appellate review of a trial court's decision on a motion to dismiss based on a speedy-trial violation involves a mixed question of law and fact. *State v. Bias*, 10th Dist. No. 21AP-329, 2022-Ohio-4643, ¶ 149. We must give deference to the trial court's findings of fact if they are supported by competent, credible evidence, but independently review whether the trial court properly applied the law to those facts. *Id.*

**1. Whether Williams's statutory right to a speedy trial was violated**

{¶ 13} We begin by addressing whether Williams's statutory right to a speedy trial was violated. Under R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B).

{¶ 14} A defendant establishes a prima facie violation of his statutory speedy-trial right by demonstrating that more than 270 days elapsed before trial. *State v. Boyce*, 10th Dist. No. 19AP-313, 2021-Ohio-712, ¶ 11. Once a defendant establishes a prima facie case, the state bears the burden of proving that time was sufficiently tolled and the speedy-trial period extended. *Id.* The time within which to bring a defendant to trial may be extended for the reasons set forth in R.C. 2945.72. *State v. Brown*, 10th Dist. No. 19AP-40, 2019-Ohio-4753, ¶ 27. "Hence, the proper standard of review in speedy trial cases is to simply count the number of days passed, while determining to which party the time is chargeable, as directed in R.C. 2945.72." *Id.* On appeal of an order denying a motion to dismiss based on a statutory speedy-trial violation, we independently calculate whether the time to bring a defendant to trial expired. *Id.*

{¶ 15} In this case, 288 days elapsed between Williams's arrest on November 26, 2017 and the first day of his trial on September 10, 2018. Thus, because more than 270 days passed, Williams has demonstrated a prima facie violation of his statutory right to a speedy trial. *Boyce* at ¶ 11. The state argues that several tolling events and waivers reduced the number of days to fewer than 270. By contrast, Williams asserts he never intended to waive his speedy-trial time and that more than 270 days elapsed before trial even if certain tolling events are considered.

### a. Tolling and waiver of statutory speedy-trial time

{¶ 16} "Two key concepts direct how a court must charge the days when calculating a potential speedy trial violation: waiver and tolling." *Brown* at ¶ 28. If a defendant waives speedy-trial rights, the days included in the waiver period do not count toward the deadline for bringing him to trial. *Id.* Tolling occurs by operation of law under R.C. 2945.72 under certain circumstances and the defendant is not required to agree to the tolling of time. *Id.*

{¶ 17} An exhaustive list of events and circumstances that toll statutory speedy-trial time is set forth in R.C. 2945.72. *Id.* at ¶ 29. As relevant to this appeal, the time to bring a defendant to trial may be extended by a "period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). The time to bring a defendant to trial may also be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). The state argues

that pursuant to these provisions, there were several events that tolled Williams's speedy-trial time.

{¶ 18} Williams was arrested on November 26, 2017. When computing time under the speedy-trial statute, we do not include the date of arrest. *State v. Kadunc*, 10th Dist. No. 15AP-920, 2016-Ohio-4637, ¶ 10. Therefore, our count begins with November 27, 2017. From November 27 to December 13, 2017, 17 days elapsed that are chargeable toward the state.

{¶ 19} On December 13, 2017, Williams moved for discovery from the state. The state filed its initial response 21 days later, on January 3, 2018. "A [defendant's] discovery request tolls speedy-trial time for a reasonable amount of time necessary to allow the state to respond to the request." *State v. Belville*, ___ Ohio St.3d ___, 2022-Ohio-3879, ¶ 21. There is nothing to indicate the state failed to respond to Williams's discovery request within a reasonable time. Moreover, in his reply brief on appeal, Williams concedes his speedy-trial time was tolled until the state's initial discovery response. Thus, the 21 days that passed between December 14, 2017 and January 3, 2018 are chargeable toward Williams and are not included in calculating his speedy-trial time. *Id*. at ¶ 23.

{¶ 20} Williams's speedy-trial time resumed on January 4, 2018 and continued until January 17, 2018; those 14 days are chargeable toward the state. On January 17, 2018, the trial court entered a continuance at the request of both parties reassigning the trial date to February 14, 2018 ("the January 17th continuance"). Williams waived his right to a speedy trial under the January 17th continuance. Accordingly, the 28 days from January 18 to February 14, 2018 are chargeable toward Williams and are not included in his speedy-trial time.

{¶ 21} On February 14, 2018, the trial court entered a continuance at the state's request, reassigning the trial date to May 21, 2018 ("the February 14th continuance"). Williams objected to the February 14th continuance and the language in the continuance entry waiving Williams's right to a speedy trial was struck out. The 96 days that elapsed under the February 14th continuance are chargeable toward the state and are included in calculating Williams's speedy-trial time.

{¶ 22} The trial court entered another continuance at the state's request on May 3, 2018, reassigning the trial date to July 9, 2018 ("the May 3rd continuance"). The parties

dispute the effect of the May 3rd continuance. The continuance entry indicated Williams objected to the continuance; however, the language waiving Williams's right to a speedy trial was not struck out. At the August 13, 2018 hearing, the prosecutor alleged Williams's trial counsel allowed the May 3rd continuance entry to be filed with the speedy-trial waiver language in place and did not advise her that Williams was not waiving his speedy-trial time until late May. The prosecutor argued that because the court speaks through its entries, the state should have been allowed to rely on the waiver language contained in the May 3rd continuance entry. We need not resolve this issue, however, because, as explained below, we conclude that Williams's statutory speedy-trial right was not violated even if the 49-day period under the May 3rd continuance is charged toward the state. Therefore, for purposes of analysis, we will consider those 49 days as chargeable toward the state and include them in our calculation of Williams's speedy-trial time.

{¶ 23} On July 2, 2018, the trial court entered another continuance at the state's request, reassigning the trial date to September 10, 2018 ("the July 2nd continuance"). The parties also dispute the effect of the July 2nd continuance. Williams clearly objected to the July 2nd continuance and the language in the continuance entry waiving his right to a speedy trial was struck out. At the August 13, 2018 hearing, the prosecutor asserted the July 2nd continuance was necessary to investigate the possibility that Williams might have been involved in the death of a witness. Williams's trial counsel argued there was no reasonable basis to believe Williams was involved in the witness's death and speedy-trial time should not be tolled for the period under the July 2nd continuance. In its decision denying Williams's motion to dismiss, the trial court concluded Williams's speedy-trial time during this period was tolled under R.C. 2945.72(H) because the state's request was a reasonable basis to continue the trial date. Again, we need not resolve this issue because we find that even if the time under the July 2nd continuance is charged to the state, Williams's statutory speedy-trial right was not violated. Although the July 2nd continuance originally set the trial date for September 10, 2018, the trial court's subsequent order denying Williams's motion to dismiss set the trial date for August 27, 2018. Accordingly, for purposes of analysis, we deem the July 2nd continuance to have extended the trial date by 49 days, which are chargeable toward the state and are included in calculating Williams's speedy-trial time.

{¶ 24} The trial court entered a final continuance at the request of Williams's trial counsel on August 28, 2018, setting trial for September 10, 2018 ("the August 28th continuance"). Williams's trial counsel signed the August 28th continuance entry, but Williams did not sign it and instead indicated he objected to the continuance and demanded a speedy trial. Williams argues on appeal that the 14-day period from August 28 to September 10, 2018 should not be charged toward him for purposes of calculating speedy-trial time. A defendant is bound by his counsel's actions in waiving speedy-trial rights by seeking or agreeing to a continuance, even over the defendant's objections. *Brown* at ¶ 28. Accordingly, this 14-day period is chargeable toward Williams and is not included in calculating his speedy-trial time.

{¶ 25} Based on the various waiver and tolling events described above, we conclude that 225 of the 288 calendar days that elapsed between November 27, 2017 and September 10, 2018 are chargeable toward the state for purposes of calculating Williams's speedy-trial time.

**b. Three-for-one counting when a defendant is held in jail in lieu of bail**

{¶ 26} When determining the 270-day period within which a defendant must be brought to trial on a felony charge, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Williams did not post bond in case No. 17CR-6553 and remained in jail until his trial began. Williams argues that because he remained in jail pending trial, each day he was held in jail must be counted as three days pursuant to R.C. 2945.71(E).[2] By contrast, the state argues Williams

---

[2] In his initial brief on appeal, Williams asserted he was incarcerated for 295 days, which appears to encompass the time from his arrest on November 26, 2017 through the last day of his trial on September 17, 2018. Williams argued he was entitled to triple counting of that entire time, for a total of 885 days of speedy-trial time. In his reply brief, Williams continued to assert he was entitled to triple counting for the entire time he was incarcerated, but also proffered an alternative calculation of 323 days based on partial triple counting and counting backward from the date of his sentencing. At the August 13, 2018 hearing, however, Williams's trial counsel only argued Williams was entitled to triple counting for the time he was incarcerated prior to January 6, 2018. Accordingly, to the extent Williams now argues he was entitled to triple counting of any days after the indictment was issued in case No. 18CR-53, such a claim would potentially be subject to plain-error review because Williams did not assert that argument in the trial court. *See* Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."); *State v. Black*, 10th Dist. No. 16AP-405, 2017-Ohio-3001, ¶ 17 ("[W]e find Black did not timely object to the trial court's alleged error. Consequently, he waived all but plain error."). Because we conclude Williams fails to establish a violation of his right to a speedy trial under the usual standard governing review of such a claim, he would also fail under the heightened plain-error standard. *See State v. Huish*, 10th Dist. No. 21AP-255, 2023-Ohio-365, ¶ 65 (referring to the "exceedingly high threshold required under plain error").

was only entitled to triple counting until January 5, 2018 when he was indicted in case No. 18CR-53.

**{¶ 27}** The Supreme Court of Ohio has held that the triple-count provision under R.C. 2945.71 "is applicable only to those defendants held in jail in lieu of bail *solely* on the pending charge." (Emphasis added.) *State v. MacDonald*, 48 Ohio St.2d 66 (1976), paragraph one of syllabus.[3] The court subsequently held that " 'when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.' " *State v. Adams*, 43 Ohio St.3d 67, 68 (1989), quoting *State v. Clay*, 9 Ohio App.3d 216, 218 (11th Dist.1983). However, "[a]dditional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation." *State v. Baker*, 78 Ohio St.3d 108, 111 (1997). The court later clarified that "[w]hen multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for purposes of the triple-count provision of the speedy-trial statute." *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, paragraph one of the syllabus.

**{¶ 28}** Here, the event that formed the basis for the drug possession charge in case No. 18CR-53 occurred before the altercation that resulted in the murder charges in case No. 17CR-6553. Thus, while the state may have had knowledge of the facts supporting the indictment in case No. 18CR-53 at the time of the indictment in case No. 17CR-6553, the charge in case No. 18CR-53 did not "arise from the same facts" as the charges in case No.

---

[3] Williams asserts *MacDonald* is "one mistaken case that should be overturned or revisited." (Appellant's Reply Brief following reopening at 4.) "This court as an intermediate appellate court, is bound by, and must follow and apply, the decisions of the Ohio Supreme Court. This court has no authority to modify, and much less to overrule, any decision of the Ohio Supreme Court." *Gehad & Mandi, Inc. v. Ohio State Liquor Control Comm.*, 10th Dist. No. 05AP-1181, 2006-Ohio-3081, ¶ 7.

17CR-6553.[4] *Adams* at 68. Moreover, if Williams had posted bond in case No. 17CR-6553 at some point after January 5, 2018, he would not have been released from jail unless he also posted the separate bond imposed in case No. 18CR-53. Accordingly, we conclude that for purposes of calculating speedy-trial time, Williams was not held in jail in lieu of bail *solely* on case No. 17CR-6553 after January 5, 2018 when the indictment was issued in case No. 18CR-53. Thus, Williams was not entitled to triple counting pursuant to R.C. 2945.71(E) of any time after January 5, 2018.

{¶ 29} As explained above, the 17-day period from November 27, 2017 until Williams filed his discovery request on December 13, 2017 was chargeable to the state. The triple-count provision of R.C. 2945.71(E) applies because Williams was in jail in lieu of bail solely on the charges in case No. 17CR-6553 at the time. Therefore, those 17 days are treated as 51 days for purposes of calculating Williams's speedy-trial time. Similarly, on January 4 and January 5, 2018, after the state filed its discovery response, Williams was in jail in lieu of bail solely on the charges in case No. 17CR-6553. Pursuant to R.C. 2945.71(E), those 2 days are counted as 6 days for purposes of calculating Williams's speedy-trial time.

**c. Summary of Williams's statutory speedy-trial time**

{¶ 30} Pursuant to our independent calculation, considering the various waivers and tolling events, and triple counting of time pursuant to R.C. 2945.71(E) for the days Williams was in jail in lieu of bail solely on the charges in case No. 17CR-6553, we conclude that at most 263 days of speedy-trial time chargeable to the state elapsed between Williams's arrest and the first day of his trial:

---

[4] In a decision issued just two years later, the Supreme Court asserted that the *MacDonald* rule was not intended to be immutable. *State v. Ladd*, 56 Ohio St.2d 197, 202 (1978). The court acknowledged that situations could arise where applying the *MacDonald* rule would be inequitable and allow delay in the judicial system, such as where "a prosecutor might add a frivolous charge to a meritorious one in order to invoke *MacDonald* and thus deny a defendant the benefit of [the triple counting provision]." *Ladd* at fn. 4. Similarly, this court has acknowledged that "cases involving subsequent indictments can be problematic with respect to the issue of speedy trial rights." *State v. Mohamed*, 10th Dist. No. 08AP-960, 2009-Ohio-6658, ¶ 28. However, there is nothing in the record before us to indicate that the fifth-degree felony charge indicted in case No. 18CR-53 was frivolous or that it was filed with the intention of extending the time in which Williams could be brought to trial in case No. 17CR-6553.

| Beginning date | End date | Calendar days elapsed | Speedy-trial time elapsed |
|---|---|---:|---:|
| November 27, 2017 | December 13, 2017 | 17 | 51 |
| December 14, 2017 | January 3, 2018 | 21 | 0 |
| January 4, 2018 | January 5, 2018 | 2 | 6 |
| January 6, 2018 | January 17, 2018 | 12 | 12 |
| January 18, 2018 | February 14, 2018 | 28 | 0 |
| February 15, 2018 | May 21, 2018 | 96 | 96 |
| May 22, 2018 | July 9, 2018 | 49 | 49 |
| July 10, 2018 | August 27, 2018 | 49 | 49 |
| August 28, 2018 | September 10, 2018 | 14 | 0 |
| Total |  | 288 | 263 |

{¶ 31} Because fewer than 270 days elapsed between Williams's arrest and the first day of his trial, his statutory right to a speedy trial was not violated and the trial court did not err by denying his motion to dismiss on that basis.

**2. Whether Williams's constitutional right to a speedy trial was violated**

{¶ 32} We also consider whether Williams's constitutional right to a speedy trial was violated. "[E]ven if statutory timetables are complied with, 'constitutional guarantees may be broader than statutory provisions in some circumstances.' " *Columbus v. LaMarca*, 10th Dist. No. 15AP-440, 2015-Ohio-4467, ¶ 15, quoting *Sellers*, 2009-Ohio-2231, at ¶ 12. When analyzing a constitutional speedy-trial claim, we undertake a two-step inquiry. First, we consider whether the defendant has established that the delay was presumptively prejudicial. *Smith*, 2021-Ohio-1936, at ¶ 38. Second, if a presumptively prejudicial delay exists, we apply a four-factor balancing test examining: (1) the length of delay, (2) the reasons for the delay, (3) the defendant's timely assertion of his speedy-trial right, and

(4) the resulting prejudice to the defendant from the delay. *Kadunc* at ¶ 19, citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

{¶ 33} "Generally, delay is presumptively prejudicial as it approaches one year." *Smith* at ¶ 38. As explained above, in this case the total delay between arrest and trial was 288 days (approximately 9 and 1/2 month), and only 225 calendar days (approximately 7 and 1/2 month) of that time was chargeable to the state. This court and other Ohio appellate districts have previously held that similar delays are not presumptively prejudicial. *See State v. Graham*, 10th Dist. No. 18AP-636, 2019-Ohio-2020, ¶ 58 (delay of 9 months between indictment and plea was not presumptively prejudicial); *State v. Webb*, 4th Dist. No. 01CA32, 2002-Ohio-3552, ¶ 26 (delay of "just over [6] months" was not presumptively prejudicial); *State v. Pinson*, 4th Dist. No. 00CA2713 (Mar. 16, 2001) (6 and 1/2 month delay "does not come close to approaching [the] threshold for presuming prejudice"); *State v. Johnson*, 13 Ohio App.3d 271, 271-72 (8th Dist.1984) (9-month delay was not presumptively prejudicial). Because Williams has not demonstrated a presumptively prejudicial delay, we need not reach the second step of the analysis. *Kadunc* at ¶ 23.

{¶ 34} Williams has failed to demonstrate a violation of his constitutional right to a speedy trial, and the trial court did not err by denying his motion to dismiss on that basis.

{¶ 35} Because Williams has failed to establish a violation of his statutory or constitutional rights to a speedy trial, we overrule his first assignment of error.

## B. Whether Williams's prior appellate counsel was ineffective by failing to argue a speedy-trial violation on direct appeal

{¶ 36} In his second assignment of error, Williams asserts his prior appellate counsel was ineffective during the initial direct appeal for not presenting an assignment of error asserting a violation of his right to a speedy trial. An appellate attorney has wide latitude in deciding which issues and arguments will be most effective on appeal and is not required to argue meritless assignments of error. *State v. Lee*, 10th Dist. No. 06AP-226, 2007-Ohio-1594, ¶ 3. As explained above, we conclude that Williams's right to a speedy trial was not violated. Therefore, Williams's prior appellate counsel was not ineffective for failing to assert a meritless claim. *See, e.g., State v. Morris*, 10th Dist. No. 05AP-1032,

2010-Ohio-786, ¶ 18 (concluding appellate counsel was not ineffective in failing to raise a meritless claim).

{¶ 37} Accordingly, we overrule Williams's second assignment of error.

## IV. Conclusion

{¶ 38} For the foregoing reasons, we overrule Williams's two assignments of error and, pursuant to App.R. 26(B)(9), we confirm our prior judgment affirming the judgment of the Franklin County Court of Common Pleas.

*Judgment confirmed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

———————————