[Cite as *State v. Thompson*, 2026-Ohio-399.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-A-0015 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DARNELL MAURICE THOMPSON, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00300 |

## OPINION AND JUDGMENT ENTRY

Decided: February 9, 2026
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Adam Parker*, Goldberg Dowell & Associates, L.L.C., 323 West Lakeside Avenue, Suite 450, Cleveland, OH 44113 (For Defendant-Appellant).


JOHN J. EKLUND, J.

{¶1}  Appellant, Darnell Maurice Thompson, appeals his convictions for two counts of Pandering Sexually-Oriented Matter Involving a Minor and four counts of Unlawful Sexual Conduct with a Minor following a jury trial in the Ashtabula County Court of Common Pleas.

{¶2}  Appellant raises three assignments of error.  First, Appellant argues that he received ineffective assistance of counsel when trial counsel did not file an earlier motion to dismiss on speedy-trial grounds, and, alternatively, when trial counsel did not object to the indictment's alleged defects prior to trial.  Second, Appellant argues that his federal

constitutional rights were violated because the indictment, the bill of particulars, and the victim's trial testimony failed to adequately distinguish among the four counts of Unlawful Sexual Conduct with a Minor. Third, Appellant argues that the victim's trial testimony was legally insufficient to establish four separate counts of Unlawful Sexual Conduct with a Minor.

{¶3} Having reviewed the record and the applicable law, we find Appellant's assignments of error to be without merit. First, Appellant has not demonstrated ineffective assistance of counsel. Appellant has not demonstrated that trial counsel performed deficiently by filing the motion to dismiss six days before trial since counsel's actions complied with the applicable statute and Appellant concedes that an earlier-filed motion would not have been successful. In addition, Appellant's indictment was constitutionally sufficient; therefore, it is unlikely that trial counsel's timely objection would have been successful. Second, Appellant has not established plain error with respect to his constitutional claims. The federal decision upon which Appellant relies is not binding on Ohio courts, its legal reasoning is doubtful, and it is factually distinguishable. Third, sufficient evidence supported Appellant's convictions on four counts of Unlawful Sexual Conduct with a Minor. Viewing all the trial evidence in a light most favorable to the State, a rational jury could have found Appellant guilty of all four counts beyond a reasonable doubt.

{¶4} Therefore, we affirm the judgment of the Ashtabula County Court of Common Pleas.

Case No. 2025-A-0015

## Substantive and Procedural History

{¶5}    At the time of his offenses, Appellant was 45 years old, and the victim, F.S., was 13.  Appellant and F.S. first met on the evening of November 5, 2023, at a Circle K in Ashtabula after F.S. and her friends snuck out.  F.S. initially told Appellant that she was 15 or 16 years old.  Thereafter, Appellant and F.S. began meeting regularly.  During those encounters, they would use marijuana and methamphetamine and engage in sexual conduct.  F.S. estimated that from November 2023 through February 2024, she and Appellant had sex "[o]ver ten times."

{¶6}    Appellant and F.S. also exchanged numerous text messages.  On several occasions, Appellant recorded F.S. performing oral sex on him using their respective phones.  Appellant and F.S. shared the videos with each other via text message.

{¶7}    On the morning of February 8, 2024, Detective Gale and Officer Allen of the Ashtabula Police Department were traveling in an unmarked police vehicle and investigating potential drug activity in Ashtabula.  Det. Gale spotted F.S., who he knew to be a 13-year-old runaway, walking with Appellant.  Det. Gale approached F.S. and began questioning her.  Appellant walked away.

{¶8}    Officer Allen contacted F.S.'s mother, who stated that F.S. was supposed to be at home conducting online schooling.  Officer Wofford arrived in a marked patrol unit and transported F.S. to the Family Resource Center.

{¶9}    F.S.'s mother arrived and consented to the police's search of F.S.'s phone.  Using a forensic software system, Det. Gale observed the presence of explicit photographs and videos.  He contacted Det. Burns, who investigates sex offenses for the department.  Det. Burns viewed videos that depicted F.S. engaging in oral sex with a

male. While the male's face was not visible, distinctive tattoos on his hand and forearm were visible.

{¶10} On June 27, 2024, the Ashtabula County Grand Jury indicted Appellant on two counts of Pandering Sexually-Oriented Matter Involving a Minor, second-degree felonies in violation of R.C. 2907.322(A)(1) and (C) (Counts 1 and 2), and four counts of Unlawful Sexual Conduct with a Minor, third-degree felonies in violation of R.C. 2907.04(A) and (B)(3) (Counts 3 through 6).

{¶11} With respect to Counts 1 and 2, R.C. 2907.322(A)(1) provides that "[n]o person, with knowledge of the character of the material or performance involved, shall . . . [c]reate, record, photograph, film, develop, reproduce, or publish any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality[.]" Count 1 alleged the date of the offense as "[o]n or about December 5, 2023," and Count 2 alleged "[o]n or about December 7, 2023."

{¶12} With respect to Counts 3 through 6, R.C. 2907.04(A) provides that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." "Sexual conduct" includes "vaginal intercourse" and "fellatio." R.C. 2907.01(A).[1] R.C. 2907.04(B)(3) elevates the offense to a third-degree felony when "the offender is ten or more years older than the

---

1. Appellant erroneously refers to the offenses in Counts 3 through 6 as Unlawful Sexual *Contact* with a Minor. "Sexual contact" is distinct from "sexual conduct." *See* R.C. 2907.01(B) ("'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.")

Case No. 2025-A-0015

other person." Counts 3 through 6 each alleged the date of offense as "[o]n or about November 1, 2023 through February 8, 2024."

{¶13} On August 13, 2024, Officer White and others executed a warrant for Appellant's arrest. When they arrived, Appellant fled. Officer White deployed his taser multiple times to subdue Appellant and took him into custody. Det. Wolff of the Ashtabula County Sheriff's Office took photographs of Appellant's tattoos in jail, and the tattoos matched those from the videos. Det. Burns met with Appellant, read him his Miranda rights, and conducted an interview. During the interview, Appellant admitted that he had been informed of F.S.'s actual age and that he and F.S. had oral sex "five or six times."

{¶14} On August 16, 2024, Appellant was arraigned and pleaded not guilty. Appellant did not post bond and remained incarcerated throughout the underlying proceedings.

{¶15} On August 21, 2024, the trial court filed a scheduling entry. Along with other dates and deadlines, the trial court scheduled the jury trial for November 5, 2024.

{¶16} On August 23, 2024, Appellant filed a discovery demand. On September 6, 2024, the State filed a discovery response and a bill of particulars.

{¶17} On September 9, 2024, Appellant filed a supplemental discovery demand. On the same date, the trial court held a pretrial hearing. On September 26, 2024, the State filed a supplemental discovery response.

{¶18} On October 7, 2024, the trial court held a hearing regarding the State's discovery responses. Following the hearing, the trial court filed a judgment entry finding that the State had fully complied with all discovery requests as of that date.

Case No. 2025-A-0015

{¶19} On October 25 and 28, 2024, the State filed supplemental discovery responses.

{¶20} On October 28, 2024, Appellant filed a motion to suppress/motion in limine. Appellant requested an order prohibiting the State from providing testimony or documentary evidence from F.S. Appellant alleged that the State withheld and failed to disclose evidence.

{¶21} On October 29, 2024, the trial court filed a notice rescheduling the jury trial for December 10, 2024. The court filed a separate notice scheduling a hearing on Appellant's motion to suppress/in limine for November 25, 2024.

{¶22} On October 30, 2024, the State filed a supplemental discovery response.

{¶23} On October 31, 2024, the trial court held a hearing where it addressed Appellant's motion to suppress/in limine. After hearing argument, the trial court stated that it would overrule Appellant's motion and convert the November 25, 2024 motion hearing into a status hearing. Following the hearing, the trial court filed a judgment entry finding that the State had fully complied with all discovery requests as of that date and scheduling a status hearing on November 25, 2024.

{¶24} On November 15, 2024, the State filed a response in opposition to Appellant's motion to suppress/in limine.

{¶25} On November 25, 2024, the trial court held a status hearing off the record.

{¶26} On December 6, 2024, the State filed a motion to continue trial. The State indicated that Det. Burns was on injury leave until the second week of January 2025 due to facial surgery. The State asserted, and attached a calculation purporting to show, that the speedy-trial deadline did not expire until January 22, 2025.

Case No. 2025-A-0015

{¶27}   On December 9, 2024, the trial court held a hearing on the State's motion to continue.  Following the hearing, the trial court filed a journal entry granting the State's motion and rescheduling the trial date for January 14, 2025.

{¶28}   On January 8, 2025, Appellant filed a motion to dismiss based on speedy-trial grounds.  Appellant contended that he had been incarcerated for 51 days beyond the speedy-trial deadline.

{¶29}   On January 10, 2025, the State filed a response in opposition to Appellant's motion to dismiss.  The State argued that Appellant's two discovery requests and his motion to suppress/in limine tolled the speedy-trial deadline.  According to the State, Appellant had spent 75 days (225 tripled due to his incarceration) awaiting trial, and the State still had 15 days to try him.  Notably, the State argued that Appellant's motion to suppress/in limine tolled the deadline until November 25, 2024, i.e., the date of the previously-scheduled motion hearing.

{¶30}   On January 13, 2025, Appellant filed a reply in support of his motion to dismiss.

{¶31}   Prior to the start of trial on January 14, 2025, the trial court heard argument on Appellant's motion to dismiss and overruled it.  The next day, on January 15, 2025, the trial court filed a judgment entry memorializing its ruling.  Therein, the trial court adopted the State's calculation of the speedy-trial deadline.

{¶32}   The case was tried to a jury on January 14 and 15, 2025.  The State presented testimony from Det. Gale, F.S., Det. Wolff, Officer White, and Det. Burns.  As exhibits, the State submitted the report generated from the forensic search of F.S.'s phone, videos and still photographs taken from F.S.'s phone, photographs of Appellant's

tattoos, and the video of Det. Burns' interview with Appellant. Following the State's case-in-chief, Appellant moved for acquittal pursuant to Crim.R. 29, which the trial court overruled. Appellant submitted, by stipulation, a redacted police report from Officer Allen and rested. Following deliberations, the jury found Appellant guilty of all six counts.

{¶33} On March 13, 2025, the trial court held a sentencing hearing and sentenced Appellant to eight to 12 years in prison on Count 1, eight years in prison on Count 2, and five years in prison on each of Counts 3 through 6. The trial court ordered the prison terms to be served consecutively for an aggregate prison term of 36 to 40 years. On March 18, 2025, the trial court filed a sentencing entry.

{¶34} On April 10, 2025, Appellant timely appealed.

{¶35} On August 8, 2025, this Court granted, in part, the State's motion to correct or amend the record pursuant to App.R. 9(E). We remanded the case to the trial court to determine (1) whether a hearing was held on November 25, 2024, and if so, to supplement the record with a transcript; (2) whether any filings regarding discovery were omitted from the record; and (3) whether the trial court considered any filings or evidence regarding Appellant's prior or concurrent criminal history that were omitted from the record.

{¶36} On September 24, 2025, the trial court filed a judgment indicating that (1) no formal hearing was held on November 25, 2024; rather, the court overruled Appellant's motion to suppress/in limine at the October 31, 2024 hearing and held a status hearing off the record on November 25, 2024; (2) the trial court is not aware of when the State made discovery demands or when Appellant responded because nothing was filed in the record or with court; (3) Appellant was incarcerated for seven days from August 13 to 19,

2024, in a separate case involving his failure to appear for a show cause hearing regarding child support.

{¶37} Appellant raises three assignments of error.

## Ineffective Assistance of Counsel

{¶38} Appellant's first assignment of error states: "[Appellant] Received Ineffective Assistance of Counsel."

{¶39} Appellant contends that trial counsel was ineffective by failing to file an earlier motion to dismiss on speedy-trial grounds. Alternatively, Appellant contends that trial counsel was ineffective by failing to object to the indictment's alleged defects prior to trial.

{¶40} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Specifically, "the defendant must show that counsel's representation fell below an objective standard of reasonableness . . . considering all the circumstances." *Id*. at 688. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Case No. 2025-A-0015

***Speedy Trial***

{¶41}  We first address Appellant's speedy-trial argument.  R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending . . . [,] [e]xcept as provided in division (C) of section 2945.73 of the Revised Code, shall be brought to trial within two hundred seventy days after the person's arrest."  R.C. 2945.71(E) provides that "[f]or purposes of computing time under division[ ] . . . (C)(2) . . . of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."  "Thus, subject to certain tolling events, a jailed defendant must be tried within 90 days."  *State v. Ramey*, 2012-Ohio-2904, ¶ 15.

{¶42}  "R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial."  *Id*. at ¶ 24.  This list includes the following:

> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused; . . .
>
> (H) . . . [T]he period of any reasonable continuance granted other than upon the accused's own motion . . . .

R.C. 2945.72(E) and (H).

{¶43}  R.C. 2945.73(C)(2) provides, in relevant part:

> Upon motion made at or before the commencement of trial, but not sooner than fourteen days before the day the person would become eligible for release pursuant to division (C)(1) of this section, the charges shall be dismissed with prejudice unless the person is brought to trial on those charges within fourteen days after the motion is filed and served on the prosecuting attorney.

{¶44}  R.C. 2945.73(C)(2) was enacted effective April 4, 2023.  *See* Am.Sub.S.B. No. 288, 2022 Ohio Laws 160.  According to one court, it was "intended to create a 14

day 'safe harbor' provision to allow the state the opportunity to remedy accidental errors in speedy-trial calculations." *State v. Mohamed*, 2025-Ohio-659, ¶ 7 (10th Dist.).

**{¶45}** Appellant argues that the speedy-trial deadline expired on December 16, 2024; therefore, trial counsel could have filed the motion to dismiss as early as December 2, 2024.[2] However, trial counsel did not file the motion until January 8, 2025. This allowed the State to try Appellant on the scheduled trial date of January 14, 2025, because that date was within 14 days of his filing. According to Appellant, if trial counsel had filed the motion earlier, Appellant would have been entitled to dismissal of all charges. Appellant asserts that "[b]ased on what transpired in the trial court," it is "unlikely" that the State or the trial court would have brought him to trial within 14 days because both "believed there was not a speedy trial issue at all."

**{¶46}** Both sides devote considerable briefing to addressing whether the speedy-trial deadline expired before trial. However, it is not necessary to resolve that issue. Even if we assume, arguendo, that the speedy-trial deadline expired on December 16, 2024, Appellant has not demonstrated ineffective assistance of counsel.

**{¶47}** First, Appellant has not demonstrated that trial counsel performed deficiently by filing the motion on January 8, 2025. As stated, R.C. 2945.73(C)(2) permits the filing of a speedy-trial motion "at or *before the commencement of trial*, but not sooner than fourteen days before the day the person would become eligible for release pursuant to division (C)(1) of this section." (Emphasis added.) There is no dispute that trial counsel filed the motion six days before trial. Therefore, trial counsel complied with the applicable statute. We acknowledge that an earlier-filed motion could have been a better trial

2. In one instance in his brief, Appellant asserts that the speedy-trial deadline expired on December 26 rather than December 16. Upon review, it appears that instance is a typographical error.

Case No. 2025-A-0015

strategy because it would have forced the State to try Appellant within 14 days of that filing. However, that possibility does not render trial counsel's performance deficient. "'Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available.'" *State v. Stroud*, 2023-Ohio-569, ¶ 50 (11th Dist.), quoting *State v. Conley*, 2015-Ohio-2553, ¶ 56 (2d Dist.).

{**¶48**} Second, Appellant has not demonstrated resulting prejudice, i.e., a reasonable probability that an earlier-filed motion would have been successful. *See S. Euclid v Schutt*, 2020-Ohio-3661, ¶ 13 (8th Dist.) ("the defendant must show that the motion would have been successful and the case would likely have been dismissed"). The trial court denied Appellant's motion to dismiss on the basis that the speedy-trial deadline had not expired due to tolling events. Appellant does not assert that the trial court would have granted an earlier-filed motion. Rather, he states "it is unlikely that the . . . trial court's reaction" to an earlier motion "would have differed." In other words, Appellant concedes that the trial court's ruling would have been the same.

### *Indictment*

{**¶49**} We next address Appellant's alternative argument. Appellant argues that trial counsel was ineffective by failing to object to the indictment's alleged defects prior to trial pursuant to Crim.R. 12(C)(2). According to Appellant, Counts 3 through 6 failed to provide sufficient notice under the Sixth Amendment because they charged four identical counts of Unlawful Sexual Conduct with a Minor with no factual bases to distinguish among them.

{¶50} The Supreme Court of the United States has held that "[a]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

{¶51} This Court has held that "[w]hen the victim is a child, '[a]n allowance for reasonableness and inexactitude must be made for such cases because many child victims are unable to remember exact dates and times . . . .'" *State v. Gomez*, 2017-Ohio-8146, ¶ 26 (11th Dist.), quoting *State v. Neal*, 2016-Ohio-64, ¶ 27 (4th Dist.). Therefore, an "indictment . . . using the words of the statute, the victim's initials, years of birth, and estimated time frame of the charges [is] sufficient to notify [the defendant] of the offenses to enable him to defend against the allegations and to protect himself from future prosecution for the same offense." *Id*. at ¶ 27. *Accord State v. Honeycutt*, 2024-Ohio-2507, ¶ 22-26 (11th Dist.).

{¶52} Crim.R. 12(C)(2) provides that objections based on defects in the indictment must be raised before trial.

{¶53} Here, Counts 3 through 6 each use the words of R.C. 2907.04(A) and (B)(3); list the victim's initials and date of birth; and allege a date of the offense as "[o]n or about November 1, 2023 through February 8, 2024." Therefore, Appellant's indictment was constitutionally sufficient. Since it is unlikely that trial counsel's timely objection to the indictment would have been successful, Appellant has failed to demonstrate ineffective assistance. *See Honeycutt* at ¶ 26.

{¶54} Appellant's first assignment of error is without merit.

Case No. 2025-A-0015

**Constitutional Claims**

{¶55} Appellant's second assignment of error states: "THE INDICTMENT AND TRIAL TESTIMONY FAILED TO ADEQUATELY DISTINGUISH COUNTS 3 THROUGH 6."

{¶56} Appellant contends that his federal constitutional rights to due process and to protection against double jeopardy were violated. In particular, Appellant contends that Counts 3 through 6 alleged identical offenses of Unlawful Sexual Conduct with a Minor without factual differentiation and that the State's bill of particulars and F.S.'s trial testimony provided no factual bases to distinguish those counts.

{¶57} Appellant did not raise his constitutional claims in the trial court; therefore, he has forfeited all but plain-error review. *See State v. Nicholson*, 2024-Ohio-604, ¶ 114. To prevail, Appellant must show "that an error occurred, that the error was plain (i.e., the error was an 'obvious' defect in the trial proceedings), and that but for the error, the outcome of the trial clearly would have been otherwise." *State v. Whitaker*, 2022-Ohio-2840, ¶ 39, quoting *State v. Barnes*, 2002-Ohio-68, ¶ 20. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶58} Appellant's argument is based on the Sixth Circuit's decision in *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005). In that case, the defendant was indicted on 20 counts of rape of a minor and 20 counts of felonious sexual penetration of a minor. *Id*. at 629. All 20 rape counts were worded identically; all 20 penetration counts were worded identically; and all 40 offenses allegedly occurred between March 1, 1995, and January

16, 1996. The State did not distinguish the factual bases of the charges in the indictment, in the bill of particulars, or at trial. *Id*. at 628. The child victim's testimony provided the only evidence as to the number of offenses. *Id*. at 629. She testified that the defendant forced her to perform fellatio on "about twenty" occasions and digitally penetrated her vagina on "about fifteen" occasions, all of which occurred in the family living room. *Id*. The victim also testified "generally" to similar incidents in other rooms. *Id*. She additionally testified that the defendant engaged in anal penetration on "about ten" occasions. *Id*. The victim altered her numbers somewhat during cross-examination. *Id*. The jury convicted the defendant on all 40 counts. *Id*. The appellate court reversed five convictions for felonious sexual penetration. *Id*.

{¶59} The defendant filed a federal petition for a writ of habeas corpus, arguing, among other things, that his due process rights were violated when he was convicted on an indictment that did not distinguish the counts by conduct. *Id*. at 629-630. The district court issued the writ. *Id*. at 630. In the State's appeal, the Sixth Circuit allowed two convictions to stand—one in each category. *See id*. at 638-639. In a two-to-one decision, the court held that the indictment failed to give the defendant constitutionally adequate notice of the charges, reasoning as follows:

> [T]he constitutional error in this case is traceable not to the generic language of the individual counts of the indictment but to the fact that there was no differentiation among the counts. The exigencies of child abuse cases necessitate considerable latitude in the construction of criminal charges. The prosecutors in this case, however, abused this wide latitude by piling on multiple identical counts. Numerous charges cannot be made out through estimation or inference. Instead, if prosecutors seek multiple charges against a defendant, they must link those multiple charges to multiple identifiable offenses. Due process requires this minimal step. Courts cannot uphold multiple convictions when they are unable to discern the evidence that supports each individual conviction.

*Id*. at 636-637.

{¶60} The Sixth Circuit also held that the State's actions failed to protect the defendant against the future possibility of double jeopardy. The court stated, "We cannot be sure what double jeopardy would prohibit because we cannot be sure what factual incidents were presented and decided by this jury." *Id*. at 635.

{¶61} *Valentine* is not binding on Ohio courts. *See State v. Burnett*, 2001-Ohio-1581, ¶ 16 ("[W]e are not bound by rulings on federal statutory or constitutional law made by a federal court other than the United States Supreme Court.") The Sixth Circuit itself does not cite *Valentine* as precedent. *See Coles v. Smith*, 577 Fed.Appx. 502, 507-508 (6th Cir. 2014) (noting that no U.S. Supreme Court case had found identically worded and factually indistinguishable counts in a state-court indictment to be unconstitutional). The Seventh District Court of Appeals has expressly declined to follow it. *See State v. Triplett*, 2018-Ohio-5405, ¶ 83 (7th Dist.) ("[T]his court does not follow *Valentine*.") The Supreme Court of Ohio and this Court have distinguished *Valentine* on its facts. *See State v. Sowell*, 2016-Ohio-8025, ¶ 117-123; *In re N.Z.*, 2011-Ohio-6845, ¶ 63-68 (11th Dist.); *State v. Hendrix*, 2012-Ohio-2832, ¶ 46-50 (11th Dist.); *State v. Triplett*, 2013-Ohio-5190, ¶ 62-72 (11th Dist.); *State v. Stacy*, 2024-Ohio-4539, ¶ 108-109 (11th Dist.).

{¶62} Regardless of *Valentine*'s validity and/or persuasiveness, the present case is factually distinguishable. Appellant is correct that Counts 3 through 6 of the indictment were identically-worded and that the State's bill of particulars did not distinguish among them. However, instead of two sets of 20 identically-phrased counts as in *Valentine*, Appellant challenges four counts. *See Sowell* at ¶ 122 (noting a similar distinction). In addition, each of the four counts alleged that the offense occurred during a period of three

months and eight days rather than a period of eight and one-half months as in *Valentine*. *See id*. Further, unlike in *Valentine*, the State's evidence was not limited to the victim's numerical estimate of incidents. As stated, F.S. testified that she and Appellant engaged in sexual conduct "[o]ver ten times." The State also submitted (1) five videos depicting sexual conduct; (2) F.S.'s testimony and copies of text messages indicating that the videos depicted Appellant and F.S.; and (3) video of Appellant's police interview where he expressly admitted to engaging in sexual conduct with F.S. "five or six" times. On these facts, we cannot say "there was no differentiation among the counts," nor are we are "unable to discern the evidence that supports each individual conviction." *Valentine*, 395 F.3d at 636, 637; *see Sowell* at ¶ 123. Accordingly, we find no plain error.

{¶63} Appellant's second assignment of error is without merit.

## Sufficiency of the Evidence

{¶64} Appellant's third assignment of error states: "[APPELLANT'S] CONVICTIONS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE."

{¶65} Appellant contends that there was insufficient evidence to sustain his convictions on four separate counts of Unlawful Sexual Conduct with a Minor.

{¶66} ""Sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" *State v. Thompkins*, 1997-Ohio-52, ¶ 23, quoting *Black's Law Dictionary* (6th Ed. 1990). "In essence, sufficiency is a test of adequacy." *Id*. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the

Case No. 2025-A-0015

defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶67} Appellant argues that F.S. "gave no basis for identifying four separate, distinguishable incidents of unlawful sexual contact [sic] with a minor, other than her estimate that it occurred at least ten times." In support, Appellant cites *State v. Hemphill*, 2005-Ohio-3726 (8th Dist.). In that case, the defendant was charged with 33 counts each of rape, kidnapping, and gross sexual imposition for a total of 99 counts. *Id*. at ¶ 2. At trial, the victim testified that she was assaulted "at least" 33 times. *Id*. at ¶ 86-87. Applying *Valentine*, the Eighth District overturned the majority of the convictions. *See id*. at ¶ 88-93. The court stated that it could "not accept the numerical estimate" of offenses because it was "unconnected to individual, distinguishable incidents." *Id*. at ¶ 88.

{¶68} As stated, *Valentine* is not binding on Ohio courts, and its validity is questionable. *Hemphill* is also factually distinguishable. As further stated, the State's evidence in support of Counts 3 through 6 was not limited to the victim's numerical estimate of incidents. Viewing all the trial evidence in a light most favorable to the State, a rational jury could have found Appellant guilty of four separate counts of Unlawful Sexual Conduct with a Minor beyond a reasonable doubt.

{¶69} Accordingly, Appellant's third assignment of error is without merit.

{¶70} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


MATT LYNCH, P.J.,

SCOTT LYNCH, J.,

concur.

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0015